# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. VUKICH, | ) |
| Plaintiff, | ) Civil Action No. 2:17-cv-00050 |
| v. | ) U.S. District Judge Mark R. Hornak |
| COURT OF COMMON PLEAS, ET AL, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

The Plaintiff, William Vukich, asks this Court to grant him in *forma pauperis* ("IFP") status, and allow him to pursue this § 1983 action against a Pennsylvania State Court Judge and a County Assistant District Attorney, alleging more than $50 million in damages for what he says were damages he incurred as a result of their actions in a criminal prosecution against him.

In a case such as this, the Court applies a two-step process. First, I am to make the decision as to whether IFP status is warranted. Based on the Court's review of Mr. Vukich's filing in such regards, such status will be granted. Then, given that status, I am to review the Complaint as filed, and determine if it states a cognizable claim for relief, applying the tried and true standards applicable to a dismissal motion under Fed. R. Civ. P. 12(b)(6), given the *pro se* filer the benefit of the somewhat more accommodating pleading standards applied to such litigants. If I conclude that the Complaint states a claim, the case proceeds. If not, then dismissal is proper, with leave to amend provided, unless the Court concludes that any amendment would be futile. *Scheib v. Butcher*, 2014 WL 4851902, *1-2 (W.D. Pa. Sept. 25, 2014), *aff'd,* 602 Fed. App'x. 67 (3d Cir. 2015). When tested against that standard, the Court concludes that the papers

filed by the Plaintiff, considered in the light most favorable to him, fail to state a claim for relief, and that any amendment to them would be futile.

The essence of the claims advanced are that the State Court Trial Judge in the Plaintiff's state criminal prosecution, Defendant Kim Telsa, conspired with the prosecution to engineer the Defendant's conviction, and that the prosecuting Assistant District Attorney, Defendant Jennifer Popovich, engaged in nefarious prosecutorial conduct relative to a plea agreement involving the Plaintiff, and then also related to his sentence. While the papers filed the Plaintiff make it plain that he is seeking more than $50 million in money damages for such conduct, there is also some verbiage in his papers that might, broadly construed, be read as relating to the validity of his underlying state court conviction, something that he previously challenged, unsuccessfully, in this Court in a habeas petition. *Vukich v. Commonwealth of Pennsylvania*, 2015 WL 8994198 (W.D. Pa. Dec. 16, 2015).

The Plaintiff's claims are all barred by a doctrine of absolute immunity. As to Judge Telsa, her judicial acts, all alleged her to have occurred in the performance of her judicial functions, are shielded from § 1983 liability by the doctrine of absolute judicial immunity, and in this case, that cannot be avoided by a further amendment. *See Duffy v. George*, 2016 WL 5539823, *1 (3d Cir. Sept. 30, 2016). To the extent such claims are against the trial court itself, they are also barred. *Schieb*, 612 Fed. App'x. at 59. As to Assistant District Attorney Popovich, her conduct in the prosecution of the Plaintiff is also shielded by a parallel absolute immunity doctrine. *See Riley v. District Attorney*, 2016 WL 7378078, *1 (3d Cir. Dec. 20, 2016). Finally, it is settled law that a § 1983 damages action cannot be used as a vehicle to undermine the validity of an existing state court criminal conviction. *See Polidoro v. Saluti*, 2017 WL 90348, *3 (3d Cir. Jan. 10, 2017). Finally, in one of the Plaintiff's papers, ECF No. 1-2, he also appears to sue

the Commonwealth of Pennsylvania for money damages. That claim is irretrievably barred by the immunity provided by the Eleventh Amendment to the Constitution. *See Hildago v. Pennsylvania Dept. of Corrections*, 2017 WL 85448, *5 (W.D. Pa. Jan. 10, 2017). Thus, all of Plaintiff's claims are barred by settled law, and cannot be resurrected via an amendment.

For the foregoing reasons, the Plaintiff's IFP Petition is GRANTED, and this civil action is DISMISSED with prejudice.

An appropriate Order will be issued.

s/ Mark R. Hornak<br>
Mark R. Hornak<br>
United States District Judge

Dated: January 13, 2017

cc: William E. Vukich
 524 5th Avenue
 New Brighton, PA 15066